**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04226-NYW

JUAN SOLEDAD ACUNA,

Petitioner,

v.

JUAN BALTAZAR,
MARKWAYNE MULLIN, and
DAVID J. VENTURELLA,[1]

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents filed a consolidated response but declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 8]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

**BACKGROUND**

Petitioner Juan Soledad Acuna ("Petitioner" or "Mr. Soledad Acuna") is a citizen of Mexico who entered the United States without inspection in November of 2022. [Doc. 1 at 5 ¶ 1]. On April 25, 2026, he was arrested by Adams County law enforcement for a domestic violence charge, which is still pending. [*Id.* at 5 ¶ 2]. On August 10, 2026, he

[1] Pursuant to Rule 25(d), Mr. Venturella is automatically substituted into this case as a respondent. Fed. R. Civ. P. 25(d).

was arrested by ICE. [*Id.* at 5 ¶ 3]. He was detained without a warrant or custody determination hearing and is currently detained at the Denver Detention Facility in Aurora, Colorado. [*Id.* at 5 ¶ 4].

Mr. Soledad Acuna asserts three claims for relief, which he titles: (1) "My warrantless detention violates *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209 (D. Colo. 2025); the Immigration and Nationality Act (INA), and the INA's Implementing Regulations[;]" (2) "My detention violates the Due Process Clause[;]" and (3) "My detention [violates the] Immigration and Nationality Act (INA), and the INA's implementing Regulations." [*Id.* at 5]. As relief, Petitioner seeks immediate release. [*Id.* at 9].

This matter is ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). *See* [Doc. 1 at 6 ¶ 6; Doc. 8 at 1 (Respondents declining to dispute Petitioner's assertion that § 1226(a) governs his detention and proposing that he receive "a bond hearing under 8 U.S.C. § 1226(a)")]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

However, as Mr. Soledad Acuna points out, § 1226(a) authorizes arrest and detention only on a warrant issued by the Attorney General. [Doc. 1 at 6–7 ¶¶ 7–8]; *see* 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-*

*Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

The record before the Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that no valid warrant authorized Mr. Soledad Acuna's arrest by ICE, let alone his ongoing detention under § 1226(a). [Doc. 1 at 5 ¶ 4]. Respondents do not address this issue at all in their Response and do not attach any warrant.[2] *See* [Doc. 8]. They have therefore forfeited any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

---

[2] To be sure, Respondents could have justified Petitioner's warrantless *arrest* under 8 U.S.C. § 1357(a)(2). But continued *detention* under § 1226(a) expressly requires a warrant, so Petitioner's current detention is unlawful regardless of the lawfulness of his arrest. In any event, a warrantless arrest under § 1357(a)(2) requires a "particularized finding of probable cause that the noncitizen is likely to escape." *Quezada Estrada*, 2026 WL 1361880, at *5 (citations omitted). Respondents do not suggest that such probable cause existed for Mr. Soledad Acuna. [Doc. 8].

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. § 1226(a) when arresting and detaining Petitioner. The Petition is thus respectfully **GRANTED** as to Petitioner's first claim. The Court will order Mr. Soledad Acuna released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3). Having granted Petitioner his requested relief, the Court need not reach Petitioner's other claims.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody;

(3) On or before **October 8. 2026**, Respondents **SHALL FILE** a joint status report confirming that Petitioner was released; and

(4) Petitioner's Motion to Make a Determinative Decision [Doc. 11] is **GRANTED**.

DATED: October 1, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge